SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE HERMANN, OSB #126353**
Nicole.Hermann@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-cr-294-AB |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ROBERTO PEREZ-MOLINA,** | |
| **Defendant.** | |

Defendant comes before the Court for sentencing after pleading guilty to Abusive Sexual Contact for an offense committed against a bureau of prisons employee while defendant was serving a previously imposed federal sentence. The facts of the instant offense combined with defendant's criminal history support the government's recommendation of a sentence of 15 months' imprisonment, the low-end of the advisory guidelines range, followed by a one-year term of supervised release, sex offender registration, and a $100 fee assessment.

**Government's Sentencing Memorandum**                                                      **Page 1**

## BACKGROUND

**A.      The Offense Conduct**

In January 2024, defendant was convicted of Illegal Reentry out of the District of New Mexico and sentenced to 24 months imprisonment. During the course of his incarceration, defendant was designated to FCI Sheridan to serve the remainder of his sentence. PSR ¶ 14. On May 8, 2025, the adult victim (AV) was working as a staff member at FCI Sheridan where defendant was housed. *Id*. AV was assigned to the Health Services unit and encountered the defendant as he was in the lobby area, waiting to be escorted to another part of the facility. *Id*. AV proceeded to assist the defendant with the move, following protocol to ensure proper movement of inmates between locations. AV went to unlock the compound door of the health unit so the defendant could exit, checking to ensure it was clear for defendant to proceed through. As AV moved to unlock the door, defendant placed his right leg and thigh in AV 's path, causing defendant's groin to make contact with AV's leg. PSR ¶ 15. AV was surprised and ordered defendant to move back as AV moved around defendant to secure the door. *Id*. As AV faced the door to lock the entrance, defendant again approached AV from behind and thrust his groin area into AV's buttocks. *Id*. AV did not consent to the touching and yelled at the defendant to "Stop! Get back!" before moving to lock herself into a secured area away from the defendant until further help arrived. *Id*.

**B.      The Charge and Plea Agreement**

On July 8, 2025, defendant was charged by complaint with Abusive Sexual Contact in violation of 18 U.S.C. § 2244(b) and made his initial appearance in the Western District of Washington on July 11, 2025. ECF No. 3. Defendant was transferred to the District of Oregon in

custody, and a federal grand jury returned a single-count Indictment for the same offense on July 15, 2025. ECF No. 5.

On January 30, 2026, the defendant entered a plea of guilty to Count 1, Abusive Sexual Contact. ECF No.23.

### C.    Guideline Computations

The government agrees with the computations as outlined in the PSR and as discussed further below. The parties agree that defendant's base offense level pursuant to USSG § 2A3.4(a)(3) is a level 12. PSR ¶ 23.

Because of the defendant's timely willingness to resolve his case, the government will recommend a three-level downward variance to his guideline range pursuant to 18 U.S.C. § 3553(a). PSR ¶ 86.

Defendant's timely guilty plea also demonstrates that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case which is reflected in a two-level adjustment for acceptance of responsibility. PSR ¶ 30.

Finally, the government agrees with Probation that defendant scores fourteen criminal history points, placing him in Criminal History Category VI. PSR ¶ 46.

In summary, the government made the following calculations in determining the defendant's total offense level:

| Guideline | Government's Position |
|---|---|
| Base offense level — USSG § 2A3.4(a)(3) | 12    (PSR ¶ 23) |
| Acceptance of Responsibility— USSG § 3E1.1 | - 2    (PSR ¶ 30) |
| 18 U.S.C. § 3553(a) government recommendation for early resolution | - 3    (PSR ¶ 86) |
| **Total Offense Level** | 7 |
| Resulting Guideline Range | 15 - 21 months |

**Government's Sentencing Memorandum**                                                    **Page 3**

**ARGUMENT**

Defendant appears before the court for conduct committed while he was still serving a prior federal sentence. Defendant has a number of convictions spanning the last twelve years to include felony stalking and possession with intent to distribute and has spent over a third of that time in prison. Defendant is a citizen of Mexico and is without legal authorization to remain in the United States. When the underlying incident occurred, defendant was serving a federal prison sentence for his *third* Illegal Reentry conviction and was only two months away from the end of his sentence. Defendant's actions demonstrate a disregard for the safety and well-being of those around him, particularly when in an isolated and vulnerable position.

The victim in this case, AV, had been in their role for only a month. Following the defendant's actions, AV described how terribly the defendant's criminal conduct made AV feel. AV noted having lost sleep, experienced nightmares, and having recurring thoughts of self-blame, all as a result of the defendant's actions in this case.

The government recommends a low-end guideline sentence of 15 months imprisonment. This sentencing recommendation takes into account the applicable offense guidelines as well as defendant's early willingness to take responsibility and resolve his case. The nature and circumstances of the underlying offense demonstrate to the court that defendant should not be granted any benefit beyond the reductions already provided. Defendant's conduct demonstrates a disregard for the safety and autonomy of other people, and he should be held accountable for his actions. The government's sentencing recommendation is appropriate to prevent defendant from committing additional offenses, deter him from such continued criminal conduct, and to protect the community.

**A.      Restitution**

The government has received a restitution request from AV for a total amount of $1,130. The government respectfully requests the court order restitution in the amount requested, $1,130, payable to AV and pursuant to the conditions and structure outlined in the plea agreement letter.

### CONCLUSION

Based on the foregoing, the government recommends that the Court impose a sentence of 15 months' imprisonment, followed by one year of supervised release, subject to the mandatory, standard, and special conditions proposed by the Probation Office, to include sex offender registration and imposition of a $100 statutory special fee assessment.


Dated: April 27, 2026                                          Respectfully submitted,

                                                               SCOTT E. BRADFORD
                                                               United States Attorney

                                                                _/s/ Nicole M. Hermann_
                                                               NICOLE M. HERMANN, OSB #126353
                                                               Assistant United States Attorney


**Government's Sentencing Memorandum**                                      **Page 5**